BAUMGARTNER, Plaintiff, v. BALLARD, Defendant.

Municipal Court, Toledo.

No. 99212. Decided May 11, 1960.

*Messrs. Peppers, Romanoff & Moran,* for plaintiff.
*Mr. Harold C. Moan,* for defendant.

For further history see *Omnibus Index* in bound volume.

FINDINGS OF FACT

DRISCOLL, J. This cause came on for trial before the court without a jury on the petition praying for damages to plaintiff's motor vehicle and resulting from the defendant's negligent operation of her motor vehicle.

Four specifications of negligence are alleged in the petition, but only the third and fourth are material, the third, that the defendant was negligent "in failing to ascertain that a right turn could be made without colliding with plaintiff's automobile," and the fourth that the defendant was negligent "in operating said automobile without due regard for the safety and property of others, and particularly so as to endanger plaintiff's automobile."

The petition further states in substance that both cars were being operated in the same direction and the defendant negotiated a right turn from the inside lane into a private drive and collided with the plaintiff's car proceeding in a parallel course at her right and that said operation by the defendant was the proximate and direct cause of the resulting collision and damages to plaintiff's motor vehicle in the sum of $299.66.

The answer of the defendant admits in the first defense the time, place and occurrence of the collision but denies that the collision occurred as alleged and, for lack of knowledge, denies the allegations of damage. The answer contained a second de-

fense, having reference to a release, and to which the plaintiff directed a reply. No evidence or testimony was offered bearing on the second defense, the same having been abandoned as such by counsel for the defendant.

The evidence proves that Dorr Street extends in a westerly direction through the City of Toledo and into Lucas County. The evidence proves that Westwood Avenue dead-ends after intersecting Dorr Street on the north side thereof and that approximately an average city block east thereof Westwood Avenue takes up and continues from a dead-end on the south side of Dorr Street and continues in a southerly direction. The section of Dorr Street between the two segments of Westwood Avenue is immediately west of and outside the city limits. A white line with two parallel yellow lines on either side thereof were painted in the center of that segment of Dorr Street and extended beyond that segment in both directions, dividing Dorr Street into two generous, unmarked lanes for vehicular traffic moving east and also two such lanes for vehicular traffic moving west.

The evidence proves that the defendant approached Dorr Street travelling in a southerly direction on Westwood and made the required safety stop. Thereafter, she negotiated a left turn onto Dorr Street and proceeded in the inside lane, or in the lane of traffic to her right of the center line, leaving more than a single lane for traffic moving in the same direction to her right. As she approached the driveway on Dorr Street and west of the store building at the corner of Dorr and the east segment of Westwood, she was travelling at approximately fifteen miles per hour, and suddenly, without adequate or visible signal to the plaintiff, she turned her motor vehicle sharply to her right into the said driveway, resulting in an impact of her right front fender with the plaintiff's left front fender, causing damage to the right side of the defendant's car and the left side of the plaintiff's car, to the plaintiff's damage ''of about $300.00.''

The plaintiff came from the west on Dorr Street intending to turn right on Westwood, approximately one hundred feet beyond the private driveway, where the collision occurred. The plaintiff observed the defendant proceeding on Dorr Street adjacent to the center line but did not observe any signal or

any other indication that the defendant intended to negotiate a right turn into the private driveway where the collision occurred.

Whether the plaintiff gave any signal of his passing is doubtful. The defendant did not hear any. In any event the plaintiff did not pass defendant. To make any such audible signal effective it would have had to been given at about the time of the impact and would not have effected any different result.

### Conclusions of Law

The only issue of law involved is raised by the defendant's contention that, applying Section 4511.28, Revised Code, to the evidence in this case, the plaintiff cannot recover because he was passing the defendant in a generous lane at her right, although in all other respects not in an illegal manner. Section 4511.28, Revised Code, provides in the pertinent parts thereof:

"The operator of a vehicle or trackless trolley *may overtake and*, allowing sufficient clearance, *pass another vehicle* or trackless trolley proceeding in the same direction either upon the left or upon the right on a roadway with unobstructed pavement of sufficient width whenever such roadway has been divided into four or more clearly marked lanes for moving traffic, or whenever within municipal corporations traffic is moving in two or more substantially continuous lines in the same direction, provided such movement can be made in safety. *No person shall* drive off the pavement or upon the shoulder of the roadway *in overtaking or passing on the right*." (Emphasis supplied.)

The defendant contends that because the collision occurred immediately outside the city limits and there was no painted stripe dividing the two lanes provided for moving traffic in the same direction, the plaintiff did not have any right to pass the defendant except on her left, and the plaintiff was guilty of contributory negligence in so doing, although the defendant was travelling adjacent to the center line dividing the center of at least a four-lane highway.

It is incomprehensible that a driver may continue in the center lane of a four-lane highway at approximately fifteen miles an hour and as a consequence prohibit traffic moving at a slightly greater speed to pass on the right simply because the

lanes in which the motor vehicles were proceeding were not divided as "clearly marked lanes for moving traffic." It is, likewise, incomprehensible that the rights of parties, as in the instant case, should hinge upon such questions as whether public authorities should have and did not clearly mark the highway or whether they disputed their respective duties to mark the highway, whether the markings wore away, whether the original markings were clear or whether the markings, being clear, were covered with snow, ice or something else.

The collision occurred on a main highway constructed for the movement of vehicular traffic in double lanes in which the parties were moving. The fact that the public authorities did not further divide the highway by clearly marking these two generous lanes cannot be construed as a prohibition of the provided use of the highway by the plaintiff. Neither can that fact be construed as negligence of the plaintiff proximately contributing to the collision for plaintiff's using the highway according to its intended construction, particularly in this case where the defendant suddenly and without any observable warning made a sharp right turn into the side of the plaintiff's automobile.

The defendant was prohibited by statutory law from making the movement as she did. Section 4511.33, Revised Code, provides in the pertinent parts thereof:

"(A) A vehicle or trackless trolley shall be driven, as near as is practicable, entirely within a single lane *or line of traffic* and shall not be moved from such lane *or line* until the driver has first ascertained that such movement can be made *with safety.*" (Emphasis supplied.)

Finding that the collision and resulting damage could not have occurred but for the negligence of the defendant, that said negligence was the proximate cause of the collision, that the plaintiff's operation of his motor vehicle met the standards of a reasonably prudent man in the circumstances then existing, and that the difference in the reasonable market value of the plaintiff's motor vehicle before and after the collision was $299.66, judgment is entered for the plaintiff and against the defendant in the amount of $299.66 and for his costs herein expended.